IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00011-WYD-MEH

PAUL M. FERGUSON,

    Plaintiff,

v.

U.S. BANCORP,

    Defendant.

_____

**ORDER ON PENDING DISCOVERY MOTIONS**
_____

Before the Court are Defendant's Motion to Compel [Docket #23], Plaintiff's Motion to Quash Subpoena [Docket #26], and Defendant's Motion to File Sur-reply [Docket #32]. These matters have been referred to this Court for resolution [Docket ##24, 27, 33]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Compel, **grants in part** and **denies in part** the Motion to Quash Subpoena, and **denies as moot** the Motion to File Sur-reply.

**I.  Facts**

According to the Complaint, Plaintiff is a former executive of WestStar Bank. Plaintiff executed a Change in Control Agreement ("the Agreement") with WestStar on December 8, 2005, that required any bank purchasing WestStar to pay benefits to Plaintiff if Plaintiff left his employment with the purchasing bank under certain conditions. US Bancorp ("USB") completed its purchase of WestStar on or about September 1, 2006, and Plaintiff left his employment with USB on September 26, 2006. Plaintiff alleges that he left for "Good Reason" under the Change in Control Agreement and that he is, therefore, entitled to salary and benefits for eighteen months, as provided in this

Agreement. Plaintiff asserts two claims for breach of contract and seeks damages as well as attorney's fees.

Both of the pending discovery motions involve Defendant's attempts to obtain discovery. The first, the Motion to Compel, is based on Defendant's request for production of Plaintiff's engagement letter with Plaintiff's counsel and also seeks a response to the interrogatory, "State when you first engaged counsel in relation to your change in control agreement with WestStar." Motion to Compel, Exh. A, Interrogatory 5. The second motion, Plaintiff's Motion to Quash, concerns a subpoena issued by Defendant on Plaintiff's current employer seeking Plaintiff's employment file. Plaintiff argues that the discovery sought in both instances is not relevant to his claims in this case.

## II. Discussion

### A. Relevancy under the Federal Rules

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1).

### B. Motion to Compel

Plaintiff contends that the engagement letter bears no relation to Plaintiff's claims that Defendant breached its contracts by refusing to pay benefits to Plaintiff under the Agreement. In turn, Defendant contends that this information is relevant to Plaintiff's credibility and to its affirmative

defense of unclean hands. Specifically, Defendant contends that Plaintiff was orchestrating his resignation from Defendant prior to the merger and in spite of his assertions to Defendant that he was "sincerely and absolutely committed to continuing to explore where this opportunity was going to end up." Motion at ¶ 9. While Plaintiff is correct that the doctrine of unclean hands is an equitable doctrine that has no application to a claim at law, the timing of Plaintiff's decision to retain an attorney regarding his Change in Control benefits in relation to his statement to Defendant that he was committed to working for them clearly goes to his credibility. In fact, Plaintiff was asked as his deposition when he retained counsel, and he could not remember. As such, Plaintiff is directed to produce a copy of his engagement letter with his counsel no later than **November 9, 2007**.

The Court is concerned with Plaintiff's complete failure to address the relevance of these requests to Plaintiff's credibility (*i.e.*, whether the "discovery appears reasonably calculated to lead to the discovery of admissible evidence"), Plaintiff's misleading parsing of Defendant's argument, and Plaintiff's reference to a court case in the District of Kansas as the "Tenth Circuit." Response at ¶ 6. That court is clearly a district within the Tenth Circuit, but it is certainly not itself the Tenth Circuit. Under Rule 37(a)(4)(A), if a Motion to Compel is granted, fees are to be awarded unless either the moving party failed to confer in good faith or the party objecting to the motion is substantially justified in his position. Substantial justification means that the objections must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant did confer in good faith (Motion, Exh. C), and no such justification exists to support Plaintiff's objection.

Because Defendant did not request an award of attorney's fees in its opening brief, Plaintiff has not been afforded the requisite opportunity to be heard. *See ReliaStar Life Ins. Co. v. Warrior*,

3

No. 06-2486, 2007 U.S. Dist. LEXIS 66877 (D. Kan. Sept. 7, 2007). Accordingly, Plaintiff is ORDERED to Show Cause in writing pursuant to Fed. R. Civ. P. 37(a)(4)(A) why he should not be required to pay Defendant's fees and costs associated with bringing this motion no later than **November 9, 2007**.

### C.     Motion to Quash

Defendant served a subpoena on Solera National Bank, which is Plaintiff's current employer, seeking Plaintiff's employment records. Plaintiff first argues that the subpoena should be quashed due to Defendant's failure to first serve the subpoena on Plaintiff's counsel. Defendant contends, however, that it agreed to an extension of time for responding to the subpoena so that Plaintiff's counsel could file the instant Motion to Quash. Because Plaintiff was not prejudiced in this regard, quashing the subpoena on this ground is inappropriate. *E.g.*, *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998) (While abuse of the subpoena process harms both opposing counsel and public confidence in the judicial system, the purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena. When opposing counsel have notice and sufficient time to object, they are not prejudiced by the violation) (citations omitted).

Plaintiff also argues that his current employment file is not relevant to his claims for breach of contract because he is not required under the Agreement to seek alternative employment. In response, Defendant contends that this information is relevant, in part, to whether Plaintiff is entitled to receive damages for Defendant's failure to pay Plaintiff's medical benefits. Under the Agreement, Defendant must pay for eighteen months of medical benefits unless Plaintiff is able to receive such benefits from another employer during that time. Plaintiff has provided his independent contractor

agreement that became effective on October 3, 2006. Reply at ¶ 3. Yet, Plaintiff also states that Solera received regulatory approval in March 2007, which would apparently allow him to become an employee of Solera. Motion at ¶ 6.

The Change in Control Agreement requires payment for eighteen months after Plaintiff's resignation on September 26, 2006. If Plaintiff receives medical benefits during this time frame from another employer, Defendant is entitled to an offset of damages against the medical benefits owed under the Change in Control Agreement. This time frame will not end until approximately January 2008. Again, Plaintiff's employment records are clearly relevant to this case under the liberal discovery standard of Rule 26(b)(1). Accordingly, Plaintiff's Motion to Quash is **granted in part** and **denied in part**. Pursuant to Rule 45(c)(3)(A), the Court will modify the subpoena to allow a reasonable for compliance. Solera shall respond to the subpoena on or before **November 16, 2007**. Based on the discussion herein, Defendant's Motion to File Sur-reply is **denied as moot**.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel [Filed October 16, 2007; Docket #23] is **granted**, and Plaintiff is ordered to Show Cause in writing why he should not be required to pay Defendant's fees and costs associated with this motion no later than **November 9, 2007**; that Plaintiff's Motion to Quash Subpoena [Filed October 17, 2007; Docket #26] is **granted in part** and **denied in part**, and the subpoena is modified to allow for Solera's compliance on or before November 16, 2007; and that Defendant's Motion to File Sur-reply [Filed October 22, 2007; Docket #32] is **denied as moot**.

Dated at Denver, Colorado, this 2nd day of November, 2007.

                                    BY THE COURT:

                                    s/ Michael E. Hegarty
                                    Michael E. Hegarty
                                    United States Magistrate Judge