IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00011-WYD-MEH

PAUL M. FERGUSON,

    Plaintiff,

v.

U.S. BANCORP,

    Defendant.

---

## ORDER FOR RULE 37 SANCTIONS

---

This matter comes before the Court on Plaintiff's Response to the Order to Show Cause. Dock. #35. Plaintiff argues that, because other courts have found the engagement letter not relevant, his position in Response to Defendant's Motion to Compel was substantially justified. Plaintiff further posits that "[t]he demand for the production of a party's engagement letter is never an ordinary or an undisputed issue and always deserves the Court's close scrutiny." *Id.* at ¶ 5.

While the Court agrees that production of an engagement letter is often a close question, the problem in this case is that the dispute itself is the result of an unjustifiable argument. Specifically, Defendant is seeking the date which Plaintiff retained counsel. Plaintiff answered in his deposition that he could not remember when he retained counsel, and he objected to Interrogatory No. 5, which requested the same information, as not relevant. Yet, Plaintiff possessed a document with this information, and the record before the Court bears no indication that Plaintiff in any other manner, such as a supplemental response to Interrogatory No. 5, stated when he retained counsel. Defendant's prevailing argument in obtaining the engagement letter related solely to this issue of timing, which became necessary due to Plaintiff's failure to provide the date he retained counsel in response to any other form of discovery.

2

Moreover, Plaintiff's Response to the Order to Show Cause fails to address this argument of relevance, which is not only the focal point of Defendant's Motion, but is also specifically mentioned in counsel for Defendant's email dated October 3, 2007. Dock. #23, Exh. C, p. 1. Finally, the cases cited by Plaintiff acknowledge that an engagement letter is relevant if the timing of when counsel was retained is at issue. *See Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*, No. 05-2164, 2007 U.S. Dist. LEXIS 53231 (D. Kan. July 20, 2007) (citing *Lebow v. Meredith Corp.*, No. 05-2545, 2007 U.S. Dist. LEXIS 33495 (D. Kan. May 4, 2007) (finding an engagement letter relevant because "Mr. Lebow was asked during his deposition when he retained his current counsel, an issue which is relevant to circumstances surrounding the preparation and timing of his filing of a charge with the KHRC") and concluding that relevance is to be determined on a case-by-case basis).

Thus, while it presents a close question, based on the arguments presented in briefing, the Court will award fees to Defendant pursuant to Rule 37 for the reasonable expenses incurred in drafting the Motion to Compel and the Reply. Defendant shall submit an affidavit of attorney's fees and costs no later than **November 16, 2007**.

Dated at Denver, Colorado this 8th day of November , 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge